# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1193 | **DATE** | 3/13/2003 |
| **CASE TITLE** | Budget Rent A Car Corp., et al. vs. Harvey Kidd Automotive, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion for a temporary restraining order is denied. Response to defendant, Lilly Kidd's motion to dismiss is due by 3/25/03; and any reply by 4/8/03. Ruling set for 4/25/03 at 10:00 a.m. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 1 4 2003 date docketed | |
| | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/13/2003 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
MAR 1 4 2003

BUDGET RENT A CAR CORPORATION and )
RYDER TRS, INC., )
 )
 Plaintiffs, )
 ) No. 03 C 1193
 v. )
 )
HARVEY KIDD AUTOMOTIVE and LILLY )
KIDD d/b/a HARVEY KIDD AUTOMOTIVE, )
 )
 Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Budget Rent A Car Corporation and Ryder TRS, Inc. (collectively "Budget") move for a temporary restraining order ("TRO") against defendants Harvey Kidd Automotive and Lilly Kidd (collectively "Kidd"). Budget, a truck rental business, argues that Kidd entered into a dealership agreement with Budget that contained a non-compete agreement, and that Kidd subsequently terminated the dealership agreement and became a dealer for a competing truck rental business. Budget seeks a TRO essentially to enforce the non-compete agreement, which would prevent Kidd from operating a truck rental business for one year within five miles of Kidd's present location.

Where, as here, defendants have notice of and an opportunity to respond to a motion for a TRO, I apply the standards governing issuance of preliminary injunctions. *See Coca-Cola Co. v. Alma-Leo U.S.A., Inc.*, 719 F. Supp. 725, 726-27 (N.D. Ill. 1989) (Moran, J.)



(citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2951, at 499). In order to obtain preliminary relief, Budget must show, as a threshold matter, (1) a likelihood of success on the merits, (2) irreparable harm if preliminary relief is denied, and (3) the inadequacy of any remedy at law. If Budget makes this threshold showing, I then balance (4) the harm to Budget if the injunction is wrongfully denied with the harm to Kidd if the injunction is wrongfully granted, and (5) the impact on persons not directly concerned in the dispute (the public interest). *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

Here, Budget fails to make a threshold showing of irreparable harm. Budget argues that it has a protectable business interest in the investements it made in Kidd's dealership, and that Illinois law presumes irreparable injury once a protectable interest is established. While Illinois law is relevant to determining the likelihood of Budget's success on the merits (as this is a diversity case whose substantive issues are governed by Illinois law), "[t]he propriety of a preliminary injunction, of course, is to be determined by the rules and decisions of federal courts." *Gen. Elec. Co. v. Am. Wholesale Co.,* 235 F.2d 606, 608 (7th Cir. 1956). *See also Outsource Int'l Inc. v. Barton,* 192 F.3d 662, 673-74 (7th Cir. 1999) (Posner, J. dissenting) ("As a detail, I note that the court assumes that state rather than federal law governs the standard for the grant or denial of a preliminary injunction.

2

Not so; it is federal law."). Thus, whether Budget has established irreparable harm is not governed by Illinois law and its presumptions, but rather by federal law.

In arguing that it faces irreparable harm, Budget analogizes its situation to a plaintiff in an Illinois case with similar facts. *U-Haul Co. v. Hindahl,* 413 N.E.2d 187 (Ill. App. Ct. 1980). That case involved dealership agreements between U-Haul, a rental truck company, and local dealerships, which contained a non-compete clause. The dealers began renting trucks for a competing truck rental company (Jartran), and their agreements with U-Haul were subsequently terminated. In affirming the lower court's granting of temporary injunctive relief, the court noted that "U-Haul could lose sales to customers calling [the former dealer] for rentals who use Jartran as an alternative, and U-Haul could lose those customers to Jartran on future transactions." 413 N.E.2d at 192. There, the former U-Haul dealers had retained the phone number listed in the Yellow Pages as a U-Haul number. The court noted that should a customer calling the dealership for U-Haul be persuaded to use Jartran instead, U-Haul would lose that potential business, despite it being U-Haul's advertising that got the parties together. Here, in contrast, Kidd states that the phone number listed in the Yellow Pages diverts to Budget-owned lots instead of Kidd's lot. (Kidd Decl. at 9.) Thus, unlike in *U-Haul*, new customers seeking Budget's services who call the Budget number

in the Yellow Pages will not be connected to Kidd, where they would potentially be offered competing services; instead, they will be connected to a nearby Budget lot. (Kidd Decl. at 3) (indicating that there is a Budget lot less than five miles from Kidd's lot, and one about five and one half miles from Kidd's lot). While the Yellow Pages advertisement still lists the address of Kidd's lot (Martinelli Aff. Ex. 1), Kidd states that it gets very little "walk in" business (Kidd Decl. at 8). With respect to repeat commercial customers, which Budget states is the cornerstone of its truck rental business, (Martinelli Aff. ¶ 23), Kidd indicates that even before Kidd terminated the dealership agreement, Budget "registered" Kidd's repeat commercial customers and diverted them to Budget-owned lots. (Kidd Decl. at 3, 5, 9.) Thus, Budget fails to show that Kidd is or will be taking repeat commercial customers away from Budget.

Budget also argues that it will suffer irreparable harm to its corporate good will and reputation, as well as to the integrity of other dealership agreements. Judge Moran faced these types of arguments in a similar case, in which he denied preliminary relief prior to an evidentiary hearing. *Baskin-Robbins, Inc. v. Patel*, No. 02 C 4883, 2003 WL 742182 (N.D. Ill. March 4, 2003). In that case, defendant, formerly a franchisee with plaintiff (a national ice-cream chain), terminated his franchise agreement and began operating a competing ice-cream store at the same location, despite

a non-compete agreement. While recognizing that usurpation of good will (the reputation of and customer's personal experiences with Baskin-Robbins) could constitute irreparable harm, and calling plaintiff's argument regarding undermining their franchise system's integrity "relevant," Judge Moran found the record at that stage in the proceedings inadequate to conclude that Baskin-Robbins would be irreparably harmed absent preliminary relief. Likewise, I find that Budget simply fails to meet its burden here of showing that it will suffer irreparable harm if Kidd is not enjoined from operating a competing truck rental business.

Budget's motion for a temporary restraining order is DENIED. I reiterate that my decision here, like Judge Moran's in *Baskin-Robbins*, is based solely on the limited record before me. Both sides are free to present additional materials and arguments to the Magistrate Judge, to whom the motion for a preliminary injunction will be referred.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 13, 2003